United States District Court
Southern District of Texas
**ENTERED**
May 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LESLIE CARREON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:26-CV-64 |
| | § | |
| ANTONIO ESCALONA-MARTINEZ, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff, proceeding with retained counsel, filed this civil action seeking to recover damages suffered, and injuries sustained, as a result of a motor vehicle collision. (Docket No. 1.) Although Plaintiff filed this action on February 5, 2026, to date, Plaintiff has failed to serve defendants. As such, the District Court referred this matter to the undersigned to conduct a show cause hearing, which was held on May 27, 2026.

At the show cause hearing, Plaintiff's counsel explained its efforts to effectuate service of process in this lawsuit. Although Plaintiff is now outside the 90-day window allowed for service, Plaintiff asserted on the record that service of process should be completed by May 29, 2026. In addition, Plaintiff filed a "Response to the Court's Order to Show Cause," asserting that "at all times [Plaintiff] acted diligently to identify, locate, and serve Defendant." (Docket No. 10, at 1.) Plaintiff also requests "an extension of 30 days to perfect service" in this lawsuit. (*Id.*)

Plaintiff is responsible for timely and effective service of process upon defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure. Strict compliance with the Federal Rules of Civil Procedure is required for service of process. *See Rogers*

*v. Hartford Life and Accident Ins.*, 167 F.3d 933, 940 (5th Cir. 1999) (stating that "service of process must occur in accordance with Federal Rule of Civil Procedure 4"). Failure to properly and timely effect service of process on defendants may result in dismissal of this cause of action. In fact, the Fifth Circuit has explained Rule 4 in the following way:

> Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint. *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996). If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. *Id.* Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service. *Id.* A discretionary extension may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note (1993).

*Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008).

Here, the Court finds in its "discretionary power" that an extension of time to effectuate service of process is warranted. To begin with, whether Plaintiff has shown "good cause" for its failure to serve defendants is not clear. The 90-day window to serve defendants in this action expired on May 5, 2026. However, the record reflects that Plaintiff did not engage the services of a process server until May 20, 2026, after the 90 days had already passed. (*See* Docket No. 10, at 2-3.) In any event, because the statute of limitations does not appear to expire until 2027, the undersigned finds that defendants will not be prejudiced by granting Plaintiff a limited extension of time to effectuate service.

Accordingly, it is hereby **ORDERED** that Plaintiff's request for "an extension of 30 days to perfect service" (Docket No. 10) is **GRANTED**. Plaintiff must effectuate service of process on defendants by June 26, 2026.

The Clerk shall send a copy of this Order to counsel for Plaintiff.

SO ORDERED, the 27th of May, 2026 at McAllen, Texas.

NADIA S. MEDRANO
United States Magistrate Judge